UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**JUAN CARLOS GINARTE**

   Plaintiff,

   v.        Civil Action No1:06-cv-1222

**ROBERT S. MUELLER, III**
**Director, Federal Bureau of Investigation, et al.**

   Defendants.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION

  For the following grounds, Plaintiff respectfully opposes Defendant's Motion for thirty additional days to file a Dispositive Motion in response to Plaintiff's FOIA Complaint:

  1. Before defense counsel filed her Motion, undersigned counsel informed her that he awaited his client's reply, and that undersigned counsel planned to advise Plaintiff to oppose a thirty-day extension, and to agree to a shorter extension.

  2. Through undersigned counsel, Plaintiff agrees to a fifteen-day extension for Defendant to file a dispositive motion.

  3. The thirty-day response deadline in the Freedom of Information Act ("FOIA") was intentionally set up to be shorter than the sixty days ordinarily provided for the government to reply to civil complaints. The thirty-day deadline is particularly important seeing that the FOIA generally requires litigants to go through the administrative appeal process before filing a FOIA complaint in federal court.

  The thirty-day deadline would not mean much if it were not enforced.

  4. Although undersigned counsel has repeatedly consented to procedural extensions during the last ten years of in-depth civil and criminal litigation work, this situation is different. In response to

Plaintiff's FOIA request, the FBI replied that its automated indices contained none of the information sought, which was information about Plaintiff.

Around last week was the first time defense counsel contacted undersigned counsel. Defense counsel initially indicated the possibility of having the FBI include a review of its Washington, DC, field office, in response to Plaintiff's FOIA request and/or FOIA Complaint. However, through no fault of defense counsel, she replied that her client was not inclined to search the FBI Washington field office records.

Consequently, Plaintiff anticipates a defense reply to the Complaint that parrots back the FBI's initial FOIA reply that said it had no information in its automated indices, without checking the records of the FBI Washington field office.

It would have been one thing for the FBI's FOIA reply to have advised about the necessity to contact FBI field offices, but the reply did not do so. Instead, the reply gave not a hint that field office records had not been included in replying to Plaintiff's FOIA request.

5.     Based on the foregoing arguments, to grant Defendant a full thirty-day extension will serve delay, will not serve the FOIA, and will not serve justice.

WHEREFORE, Plaintiff opposes a thirty-day extension to Defendant but agrees to a fifteen-day extension.

Respectfully submitted,

**MARKS & KATZ, L.L.C.**

  /s/ Jonathan L. Katz
Jonathan L. Katz
DC Bar No. 425-615
1400 Spring St., Suite 410
Silver Spring, MD 20910
(301) 495-4300
Fax: (301) 495-8815
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the Court's ECF Electronic Filing System on August 8, 2006, to Karen Melnik, Esquire.

/s/ Jonathan L. Katz
Jonathan L. Katz