UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1222(RJL) |
| ROBERT S. MUELLER, III, et al., | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, pursuant to Fed. R. Civ. P. 56, move for summary judgment because there are no material facts in dispute in this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and defendant is entitled to judgment as a matter of law. In support of this motion, defendant respectfully refers the Court to the attached Memorandum of Points and Authorities. Also attached is defendant's statement of material facts as to which there are no genuine issue.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendants' attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be

supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully Submitted,

        /s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

        /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
_____
KAREN L. MELNIK, D.C. BAR #436452
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1222(RJL) |
| ROBERT S. MUELLER, III, et. al., | ) |
| | ) |
| Defendants. | ) |

### STATEMENT OF MATERIAL FACTS AS TO WHICH
### THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), the defendants hereby submit the following material facts as to which there is no genuine dispute:

1. By letter dated February 6, 2006, plaintiff submitted a FOIA/Privacy Act request to FBIHQ requesting all documents relating to himself, including but not limited to, all documents in any files maintained with his name, all material in any format (e.g., electronic, video, audiovisual or otherwise), and any references to him, whether or not they appeared in any file kept with his name. See Declaration of David M. Hardy ("Hardy Decl.") at ¶ 5 and Exhibit A. In addition, plaintiff provided a Privacy Waiver and Certification of Identity executed on February 3, 2006, for records relating to himself to be released to his attorney or other designee. See id. and Exhibit B.

2. By letter dated February 15, 2006, FBIHQ acknowledged receipt of this request and advised plaintiff that a search of the automated indices to the Central Records System ("CRS") files at FBIHQ located no records responsive to plaintiff's FOIA request, which had been assigned FOIPA number 1038463-000. See Hardy Decl. at ¶ 6. Plaintiff was further advised that he could appeal the FBI's "no record" response by writing to the Department of Justice ("DOJ") Office of Information

and Privacy ("OIP") within sixty (60) days. See id. and Exhibit C.

3. By letter dated April 16, 2006, plaintiff appealed FBIHQ's "no record" response. Plaintiff contended that the FBI's FOIA reply was insufficient by limiting itself to "automated indices. See Hardy Decl. at ¶ 7 and Exhibit D.

4. By letter dated April 27, 2006, OIP acknowledged receipt of plaintiff's appeal for "no records" at FBIHQ and assigned it appeal number 06-1788. Plaintiff was advised by OIP that notification would be given on his appeal upon a decision as soon as possible. See Hardy Decl. at ¶ 8 and Exhibit E.

Respectfully submitted,

/s/

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1222(RJL) |
| ROBERT S. MUELLER, III, et al., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the Federal Bureau of Investigation (FBI). The attached declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section (RIDS), Records Management Division ("RMD), at FBI Headquarters Office ("FBIHQ"), describes the response to plaintiff's FOIA request.

Factual and Procedural Background

The factual and procedural background is fully contained in the statement of material facts to which there is no genuine issue, attached and fully incorporated herein.

ARGUMENT

I.   **Defendants Are Entitled to Summary Judgment**

  A.   **Standard for Summary Judgment**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together

with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises <u>de novo</u> review over FOIA matters, and the burden is on the agency to justify all non-disclosures.

5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989). To carry its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. <u>Oglesby v. Department of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>see</u> <u>Hayden v. National Security Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. <u>Students Against Genocide v. Department of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (<u>quoting</u> <u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C. Cir. 1978)); <u>see also</u>, <u>Burnes v. CIA</u>, No. 05-242 , U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto). A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." <u>Burns v. CIA</u>, 2005 U.S. Dist LEXIS 20114; <u>see also</u>, <u>Hayden</u>, 608 F.2d at 1386-87.

     Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look

2

no further." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

Here, summary judgment should be entered in favor of the FBI. The agency has submitted a declaration showing that a reasonable and adequate search was conducted and no records were found. The declaration contains reasonable specificity of detail regarding the search.

      **B.**      **The FBI's Search Was Entirely Adequate**

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under FOIA, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive. Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there

might exist any other documents, but rather whether the *search* for those documents was adequate.'" Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as explained by David M. Hardy, the FBI conducted a reasonable, diligent, and adequate search. The Hardy declaration adequately explains the FBI's records systems and the administrative processing of FOIA requests to fully assure the Court of the adequacy of the search conducted with regard to plaintiff's request. See Hardy Decl. ¶¶ 9-17.

The FBI's method of searching for materials responsive to a FOIA request involves the use of its Central Records System ("CRS") which contains administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. See Hardy Decl. ¶ 9. This system consists of a numerical sequence of files broken down according to subject matter. Id. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter. Id. Certain records in this system are maintained at FBIHQ. Id. Records that are pertinent to specific field offices are maintained in those fields offices. Id.

Through the General Indices, FBIHQ and each field division can access the CRS. See Hardy Decl. ¶ 10. The General Indices are arranged in alphabetical order and consist of an index on various subjects, including the names of individuals and organizations. Id. Only information considered pertinent, relevant or essential for future retrieval is indexed. Id. Without a "key" (index) to this mass of information, information essential to ongoing investigations could not be readily retrieved.

Id. The FBI files would thus be merely archival in nature and could not effectively be used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal statutes. Id. Therefore, the General Indices to the CRS are the means by which the FBI can determine what retrievable information, if any, the FBI may have in the CRS on a particular subject, such as Juan Carlos Ginarte. Id.

Communications directed to FBIHQ from various field offices and Legal Attaches (Legats) are filed in the pertinent case files and indexed to the names of individuals, groups, or organizations, which are listed in the case captions or titles as subjects, suspects, or as victims. See Hardy Decl. at ¶ 11. Searches made in this index to locate records concerning particular subjects are made by searching the name of the subject requested in the index. Id.

The entries in the General Indices fall into two categories: (1) a "main" entry – A "main" entry carries the name corresponding with a subject of a file contained in the CRS; and (2) a "reference" entry – "Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, etc., contained in a document located in another "main" file. See Hardy Decl. at ¶ 12.

On or about October 16, 1995, the Automated Case Support ("ACS") system was implemented for all Field Offices, Legats and FBIHQ. See Hardy Decl. at ¶ 13. More than 105 million records were converted from automated systems previously utilized by the FBI. Id. ACS consists of the following three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads. See Hardy

5

Decl. at ¶ 13(a). A case is opened by the Office of Origin (OO), which sets leads for itself and other field offices, as needed. Id. The offices that receive the leads are referred to as Lead Offices ("LOs"), formerly known as Auxiliary Offices. Id. When a case is opened, it is assigned a Universal Case File Number ("UCFN") which is used by FBIHQ and all offices that are conducting or assisting in the investigation. Id.

Electronic Case File – ECF serves as the central electronic repository for the FBI's official text-based documents. See Hardy Decl. at ¶ 13(b). ECF supports the universal serial concept, where only the creator of a document serializes it into a file, providing single source entry of serials into the computerized system. Id. All original serials are maintained in the OO case file. Id.

Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. See Hardy Decl. at ¶ 13(c). Only the OO is required to index cases. The Lead Office may index additional information as needed. Id. UNI is an 94.6 million record index that functions to index names to cases, and to search names and cases for use in FBI investigative and administrative cases. Id. Names of individuals or non-individuals are recorded with identifying information such as the date or place of birth, race, sex, locality, Social Security number, address, or date of an event. Id.

The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA"), the supervisor in the field office conducting the investigation, and the supervising SA at FBIHQ. See Hardy Decl. at ¶ 14. The FBI does not index every name in its files; it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Id. This index to the mass of information that is essential to ongoing investigations is the only way in which the FBI can readily retrieve the

information.  Id.  Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter.  Id.

In response to plaintiff's request, FBIHQ searched the CRS using plaintiff's name in order to locate any main investigatory files maintained at HQ.  See Hardy Decl. at ¶ 15.  A search of the CRS by using the name "Juan Carlos Ginarte" would cover a three-way phonetic breakdown of the name.  See Id.  For example, this search would locate records using the phonetic sounds of each last and first name relating to the following names: "Ginarte, Juan C."; "Ginarte, Juan;", and "Ginarte, J. C."  Id.  FBIHQ also used plaintiff's date of birth and Social Security number to facilitate the identification of responsive records.  Id.  This search failed to locate any main investigatory files responsive to plaintiff's request.  Id.

In the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIPA requests.  See Hardy Decl. at ¶ 16.  Upon receipt of the complaint in this litigation, FBIHQ conducted a second search of the CRS for main files and cross-references.  This second search failed to locate any FBIHQ main files or cross-references.  See Hardy Decl. at ¶ 17.  It should be noted that this search did not include FBI field office files.  See Hardy Decl. at ¶ 18.  If the plaintiff believes that there may be additional files in FBI field offices, it is incumbent upon him to file requests with each individual office that he believes maintains the records he seeks, per
28 C.F.R. Section 16.3(a) and 16.41(a) (2004).  Id.

In this case, the FBI has submitted a declaration in support of this motion for summary judgment.  The declaration was prepared by David M. Hardy, Section Chief of RIDS/ RMD, FBI

Headquarters (HQ) in Washington, D.C. See Hardy Decl. ¶ 1. Due to his official duties, Mr. Hardy is familiar with the handling of plaintiff's FOIA request. See Hardy Decl. at ¶ 3. The Hardy declaration provides the Court with the requisite basis to grant defendants' motion.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that its motion for summary judgment be granted.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0338