```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF COLUMBIA
```

**JUAN CARLOS GINARTE**

      Plaintiff,

      v.           Civ. No.  Civ. No. 06-1222

**ROBERT S. MUELLER, III**
**Director, Federal Bureau of Investigation, et al.**

      Defendants.
_____/


## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff opposes Defendants' Motion for Summary Judgment and states the following in support of this Opposition:

### I. RESPONSE TO DEFENDANT'S "STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE"

Plaintiff responds as follows, *ad seriatim,* to Defendants' Statement of Material Facts as to Which There is No Genuine Dispute:

1. Admitted.

2. Admitted.

3. Denied. This is in dispute. *First*, Defendants understate the material contents of Plaintiff's administrative appeal, which is attached hereto as Exhibit 1. *Second*, Defendants have not filed a true and complete copy of Plaintiff's administrative

1

appeal, but instead has filed a copy of Plaintiff's cover letter thereto, which is why Plaintiff has attached the appeal hereto as Exhibit 1.

Plaintiff's administrative appeal, *inter alia*, asserts that "[n]othing in the law entitles the FBI to limit its FOIA reply to 'main file records' and 'automated indices,' particularly where, as here, the FBI has stated no hardship for looking beyond 'main file records' and 'automated indices', and has not bothered to quote a fee for looking beyond 'main file records' and 'automated indices'."

4. Denied. Defendants' reply to Plaintiff's appeal actually says that "We will notify you of the decision on your appeal as soon as we can."

## II. **ARGUMENT**

### A. **Defendants are not entitled to summary judgment.**

For the following reasons, Defendants are not entitled to summary judgment. Among these reasons is that Defendants' **summary judgment motion precedes the commencement and completion of discovery, and, thus, is premature.**

Here, it is necessary that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 n.5 (1986); Fed. R. Civ. P. 56(f).

2

Discovery is permitted in FOIA lawsuits – and Plaintiff's good faith need for discovery is illustrated below – and has been permitted in such suits. *Weisberg v. Dept. of Justice*, 627 F.2d 365, 367 (D.C. Cir. 1980) ("[w]e reversed, however, finding material disputed facts regarding the existence of relevant but unreleased records, and holding that Weisberg was entitled to further discovery").

Plaintiff disputes the reliability, accuracy, and credibility of Defendants' affiant David Hardy, who makes sweeping statements about the systems, procedures and policies – and challenges whether he, alone, is a suitable affiant for Defendants' motion – concerning the processing of Plaintiff's FOIA request, without sufficient factual nor documentary substantiation. For instance, Mr. Hardy's Affidavit claims that "[i]n the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only 'main' files responsive to FOIPA requests." Plaintiff wants to discover – through interrogatories, document production requests, and depositions – details of said policy, including the language and origin thereof, legitimacy thereof (*e.g.*, this should be a CFR provision to be given any force and effect in FOIA litigation – and by not being a CFR provision, discovery is needed to show how uniformly, evenly and fairly such a "policy" is implemented

-- but is not a CFR provision, or else Defendants would have cited it as such) and reasons therefor (if it is in writing), the origin and contents of any oral bases for said policy, and the extent to which said policy is uniformly applied.

Plaintiff also wishes to discover -- through interrogatories, document production requests, and depositions – the procedures and accuracy of the searching procedures conducted on Plaintiff's FOIA request, including seeking information on the types of information systems used, their age, information on programming and maintenance of computer hardware and software used for such searching, information on audits of the systems' accuracy, information on errors made by humans and machines in processing such FOIA requests, the extent to which the automated indices are sufficient for processing Plaintiff's FOIA search procedures (e.g., the procedures for entering information into said indices, the extent to which classified and other information is intentionally not included in such indices, the procedures for classifying such information, and the procedures for having information available to alert the FOIA recipient that the search did not include classified information), policies, activities in correcting such errors, and any documents by the person processing Mr. Ginarte's request to confirm that a data search actually was sufficiently implemented for *Plaintiff's* FOIA request.   Since Mr. Hardy

does not claim to be a computer software specialist or programmer, nor the person who conducted Plaintiff's FOIA search, Plaintiff's discovery efforts likely will need to go beyond just Mr. Hardy.

The need for such discovery as that listed above is particularly important here – in order to comport with the letter and spirit of the FOIA (*e.g.*, to prevent accepting at face value the word of the fox (here, the FBI) guarding the chicken coop (here, the FOIA and its implementation and enforcement)), to comport with Rule 56(f)'s prevention of summary judgment disposition before relevant discovery is completed, and to assure due process – where Defendants responded to Plaintiff's FOIA request so quickly (within two days after receiving Plaintiff's FOIA request – *see* Exhibit 1 hereto) as to support the real possibility (which also should be permitted to be examined during discovery) that the FBI rushed through the processing of Plaintiff's FOIA request too quickly to enable an information search in conformity with the FOIA.

Discovery further is needed in that Mr. Hardy's Declaration is additionally suspect for accuracy, credibility and reliability in that his initial response to Plaintiff's FOIA request left the impression that *all* FBI automated indices had been checked in processing Plaintiff's request, and not only headquarters documents, but now, in Mr. Hardy's Declaration, he

5

says the opposite, which is that field office records were not checked in processing Plaintiff's FOIA request. Hardy Dec. at ¶ 18.

### B. **Defendants' Statement of Material Facts is Insufficient for Obtaining Summary Judgment**.

Defendants' Statement of Material Facts, by itself, is insufficient for obtaining summary judgment, in that without Mr. Hardy's affidavit, Defendants have not met their burden to obtain summary judgment. Tellingly, Defendants have omitted the contents of Mr. Hardy's declaration (other than his recitation of procedural information contained in ¶¶ 1-4 of the Statement of Material Facts) from its Statement of Material Facts. Consequently, by not claiming that the remainder of Mr. Hardy's declaration is not in dispute, his declaration is particularly fair game for challenge in this Opposition and through discovery. *See, e.g.,* Fed. R. Civ. P. 56(d) (governing treatment of facts allegedly not in genuine dispute, for summary judgment proceedings).

### C. **Defendants cannot, as to Plaintiff, rely on their failure to check FBI field office records.**

Mr. Hardy's Declaration asserts that FBI field office files were not checked in processing Plaintiff's FOIA request.

However, this long after Mr. Hardy issued his February 15, 2006, reply to Plaintiff's FOIA request (Defendants' Exhibit C),

he should not be heard to inform Plaintiff for the first time that Plaintiff should have checked with FBI field offices, in that Exhibit C does not in any sufficient way claim that field office records were not checked, and instead indicates the opposite. In fact, Mr. Hardy's February 15 response claims that the FBI's central records system was checked in responding to the FOIA request, his Declaration shows that all FBI field office and headquarter information is contained in the CRS – *see, e.g.,* Hardy Declaration at ¶ 10, so Plaintiff, therefore, was not under any reasonable notice that field office information was not checked in processing Plaintiff's FOIA request.

Consequently, Defendants waived any opportunity – if it ever otherwise existed -- to rely in this litigation on CFR provisions for contacting field offices directly with FOIA requests, by indicating in their FOIA reply that *all* CRS information had been checked, without such limitations as only checking headquarters but not the field offices.

Additionally troubling in the assertions in the Defendants' Summary Judgment Motion and Mr. Hardy's Declaration that field offices should have been contacted separately by Plaintiff, is that the FBI's online instructions for filing FOIA requests and online form for filing FOIA requests are utterly silent about any need to contact field offices, nor to be more specific in

7

the FOIA request than the four short lines for listing the subject of the request. The FBI's FOIA website is at [http://foia.fbi.gov](http://foia.fbi.gov) (last checked September 22, 2006). The FBI's online FOIA request instructions are at [http://foia.fbi.gov/foia_instruc.pdf](http://foia.fbi.gov/foia_instruc.pdf) (last checked September 22, 2006), are attached hereto as Exhibit 2, and do not appear to have changed since the time Plaintiff filed his FOIA request. The FBI's online FOIA request form (which Plaintiff used) is at [http://foia.fbi.gov/foia_request.pdf](http://foia.fbi.gov/foia_request.pdf) (last checked Sept. 22, 2006), is attached hereto as Exhibit 3, and is the same as the form used for Plaintiff's FOIA request.

    The CFR is meant to put the public on notice of agency procedures. Here, the FBI's CFR provisions have been eclipsed by Mr. Hardy's indication that *all* FBI automated indices and CRS had been checked (and not just the headquarters information), and by the FBI's attached information and request forms that do not indicate that field offices should be individually contacted, nor that more specificity is required in FOIA requests than Plaintiff provided (and the FOIA request does use all four lines of the request form to detail his request). To enforce the CFR in this instance will be to let the FBI have its cake (misleading Plaintiff that it checked all FBI automated indices, without limitation as to field offices, when it did not in fact check field office information) and eat it too (by

8

obtaining summary judgment over six precious months later, when Plaintiff could have sent a separate FOIA request during that interval to every FBI field office, rather than waiting first to file an administrative appeal (which is a prerequisite to filing a federal court FOIA complaint) and next this Complaint after the FBI did not reply in writing until this month (saying the appeal is now closed in the light of the instant FOIA litigation) to the administrative appeal.

Furthermore, particularly in the light of Mr. Hardy's Declaration's admission that field office and headquarter information is all contained in one CRS system that is accessible nationwide, such CFR provisions are not warranted, and are not in keeping with the letter and spirit of the FOIA.

Nor should Plaintiff be held to a higher standard of knowledge about the CFR provisions about making requests to field offices, merely by his having an attorney. To impose such a higher standard to FOIA requestors with counsel will encourage requestors to proceed without counsel in making FOIA requests; public policy and administrative efficiency should favor having lawyers assist FOIA requests, in order to streamline the process. For one thing, lawyers are bound under rules of professional conduct in ways that non-lawyers are not in making FOIA requests. For another thing, equal justice under the law is

not achieved by applying such a higher knowledge burden on lawyers.

### D. **The automated indices and CRS have not been shown to be accurate enough to grant summary judgment before Plaintiff may engage in discovery.**

As discussed *supra*, in more detail, the automated indices and CRS have not been shown in the summary judgment motion – and Plaintiff disputes the same -- to be accurate enough to grant summary judgment before Plaintiff may engage in discovery. Plaintiff has stated sufficient grounds herein why discovery needs to be permitted before summary judgment should be entertained, if ever.

### III. **CONCLUSION**

Wherefore, for the foregoing reasons, summary judgment should be denied, and discovery should be permitted to proceed.

        Respectfully submitted,

        MARKS & KATZ, L.L.C.


        __/s/ Jonathan L. Katz_____

        Jonathan L. Katz
        DC Bar No. 425-615
        1400 Spring St., Suite 410
        Silver Spring, MD 20910
        (301) 495-4300
        Fax: (301) 495-8815
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the Court's ECF Electronic Filing System on August 8, 2006, to Karen Melnik, Esquire.


                __/s/ Jonathan L. Katz_____

                Jonathan L. Katz