UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-1222(RJL) |
| ROBERT S. MUELLER, III, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the Federal Bureau of Investigation (FBI). Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Opposition"), essentially raises three arguments: (1) that Plaintiff is entitled to discovery concerning the processing and accuracy of his FOIA request; (2) that the Defendants' Statement of Material Facts is insufficient for obtaining summary judgment; and (3) that the FBI does not provide the general public with sufficient information regarding their FOIA procedures. Defendants are entitled to a grant of summary judgment in this case and Plaintiff's Complaint should be dismissed because (1) Plaintiff is not entitled to discovery; (2) Defendants produced evidence that they conducted a legally adequate search for responsive records; and (3) the FBI's regulations comport with the law.

**II. Legal Standards**

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987). Once the moving party has met its burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, Plaintiff must present some objective evidence that would enable the Court to find he is entitled to relief.

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

As a practical matter, this standard for summary judgment means that the agency must provide the Court and the plaintiff with affidavits or declarations and other evidence which show

that the documents are exempt from disclosure.  See, e.g., Center for Nat'l Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden, 608 F.2d at 1384, 1386. Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

### III.  Argument

Plaintiff impermissibly seeks to go behind the FBI's declaration to discover (1) the details of "the FBI's current policy [] to search for and identify only 'main' files responsive to FOIPA requests," see Plaintiff's Opposition at 3; and (2) the procedures and accuracy of the searching procedures conducted on Plaintiff's FOIA request." See id. at 4.  Lastly, Plaintiff seeks discovery to assure due process because "the FBI rushed through the processing of Plaintiff's FOIA request too quickly to enable an information search in conformity with the FOIA." See id. at 5.

Plaintiff's proffered need for discovery is inadequate.  Any FOIA plaintiff could raise such an argument, which is why an agency's FOIA declarations are entitled to a presumption of regularity and good faith and discovery is reserved for truly exceptional cases, such as where there is evidence of bad faith by the agency.  While the initial burden rests with an agency to demonstrate the adequacy of its search, see Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983), once that obligation is satisfied, the agency's position can be rebutted "only by showing that the agency's search was not made in good faith," Maynard v. CIA, 986 F.2d 547, 560 (1st Cir.

1993) (citation omitted); Weisberg, 705 F.2d at 1351-52.  This is because agency declarations are "entitled to a presumption of good faith." Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).  Thus, a requester's "'mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them.'" Steinberg v. DOJ, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

     Discovery clearly is the exception, not the rule, in FOIA cases.  Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); Judicial Watch, Inc. v. Exp.-Imp. Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate."); Pub. Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions."). Discovery is usually reserved only where there is evidence that the agency has acted in bad faith. See, e.g., Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.") (citations omitted)

     Moreover, discovery should not be permitted when a plaintiff seeks to obtain the agency's rationale for taking some sort of action.  Flowers v. IRS, 307 F. Supp. 2d 60, 72 (D.D.C. 2004) (scolding plaintiff, who "may be unhappy with the search results," for seeking discovery in her FOIA case in order to conduct an investigation of the agency's rationale for a tax audit). Similarly, this Court should reject Plaintiff's discovery request as being merely a pretext to learn

more about Defendant's deliberative process.  Finally, it is curious that Plaintiff argus that discovery is needed to "assure due process," because his FOIA request was processed *too quickly*.  Considering how often agencies are criticized for excessive delays in processing requests, Plaintiff here has no basis to complain.

Plaintiff next makes a perfunctory argument that Defendants' Statement of Material Facts is insufficient for obtaining summary judgment.  See Plaintiff's Opposition at 6.  While Defendants did not include Paragraph 15 of David M. Hardy's Declaration in its Statement of Material Facts,[1] the information contained in that paragraph regarding the FBI's search for records is evidence in this case.  Moreover, it is included in Defendants' Memorandum in Support of the Motion for Summary Judgment.  Plaintiff's quibble about the contents of Defendants' Statement does not satisfy Plaintiff's burden to demonstrate "a genuine issue necessary to be litigated" to avoid summary judgment.  See LcvR(h).

Lastly, Plaintiff argues that "the FBI's CFR provisions have been eclipsed by Mr. Hardy's indication that *all* FBI automated indices and CRS had been checked (and not just the headquarters information), and by the FBI's attached information and request forms that do not indicate that field offices should be individually contacted, nor that more specificity is required in

---

[1] Paragraph 15 of David M. Hardy's Declaration states the following:

> In response to plaintiff's request, FBIHQ searched the CRS using plaintiff's name in order to locate any main investigatory files maintained at HQ. A search of the CRS by using the name "Juan Carlos Ginarte" would cover a three-way phonetic breakdown of the name. For example, this search would locate records using the phonetic sounds of each last and first name relating to the following names: "Ginarte, Juan C."; "Ginarte, Juan;", and "Ginarte, J. C." FBIHQ also used plaintiff's date of birth and Social Security number to facilitate the identification of responsive records. Id. This search failed to locate any main investigatory files responsive to plaintiff's request.

FOIA requests than Plaintiff provided . . ." See Plaintiff's Opposition at 8. It is well-settled that searches through agency or component indices which contain records in which a requester is the subject of the record, have been held to be adequate in almost all instances.[2] Further, agencies that maintain field offices in various locations ordinarily are not obligated to search offices other

---

[2] See, e.g., Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d 224, 230 (1st Cir. 1994) (finding to be sufficient agency's search of United States Attorney's Office computerized record system); Maynard, 986 F.2d at 562 (concluding that Treasury Department properly limited its search to its automated Treasury Enforcement Communications System (TECS)); Raulerson v. Ashcroft, 271 F. Supp. 2d 17, 22 (D.D.C. 2002) ("[I]f the FBI believes that a search of its [Central Records System] is sufficient, it need not go further."), dismissed for lack of prosecution, No. 03-5054 (D.C. Cir. Apr. 4, 2003); Blanton v. United States Dep't of Justice, 63 F. Supp. 2d 35, 41 (D.D.C. 1999) (finding no requirement to search informant files for references to individual when such references would be "flagged" by agency's "cross-reference" search for records about that individual), motion for partial reconsideration granted on other grounds, No. 93-1789 (D.D.C. June 2, 2000), aff'd, 64 Fed. Appx. 787 (D.C. Cir. 2003) (per curiam); Murphy v. IRS, 79 F. Supp. 2d 1180, 1185 (D. Haw. 1999) (noting that because technical advice memoranda all would be logged into Technical Management Information System, search of that database was adequate); Jimenez v. FBI, 938 F. Supp. 21, 26 (D.D.C. 1996) (finding to be adequate ATF's search of "its 'primary law enforcement computer records system, which indexes all ATF law enforcement records, including those located in regional offices'"); see also Campbell, 164 F.3d at 28 ("[T]he FBI need not conduct ELSUR (electronic surveillance) and tickler (temporary file) searches when the FOIA requester does not expressly ask it to do so. [It] has discretion to conduct a standard search in response to a general request . . . ."); Piper v. United States Dep't of Justice, 294 F. Supp. 2d 16, 24 (D.D.C. 2003) (refusing to fault an FBI Central Index search despite the fact that it did not turn up twenty-eight missing records; the possibility that "some documents may have slipped through the bureaucratic cracks of the vast administrative structure that is the FBI" does not make the FBI's search unreasonable). But see Summers v. United States Dep't of Justice, No. 89-3300, slip op. at 6 (D.D.C. June 13, 1995) (holding the agency's search inadequate despite the retrieval of over 30,000 responsive pages pertaining to former FBI Director J. Edgar Hoover's telephone logs and appointment calendars, because the agency's declaration did "not explain the search terms used, the type of search performed[,] and [did] not aver 'that all files likely to contain responsive materials . . . were searched'"); Steinberg v. United States Dep't of the Treasury, No. 93-2348, slip op. at 8 (D.D.C. Sept. 18, 1995) (declaring that search solely of TECS was inadequate when "it is reasonable to conclude that additional systems exist," that TECS does not include these record systems, and that it would not be unduly burdensome to search other systems).

than those to which the request has been directed.[3]

In sum, because Plaintiff sent his FOIA request to FBI Headquarters, Defendants processed his request in accordance with 28 C.F.R. §§ 16.3(a) and 16.41(a)(2004).[4] Plaintiff's

---

[3] See, e.g., Kowalczyk v. Dep't of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996) (stating that when "the requester clearly states that he wants all agency records . . . regardless of their location, but fails to direct the agency's attention to any particular office other than the one receiving the request, then the agency need pursue only a lead . . . that is both clear and certain"); Church of Scientology v. IRS, 792 F.2d 146, 150 (D.C. Cir. 1986) (finding that when agency regulations require requests be made to specific offices for specific records, there is no need to search additional offices when those regulations are not followed); Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978) (finding no duty to search FBI field offices when requester directed request only to FBI Headquarters and did not specify which field offices he wanted searched); Dayton Newspapers, Inc. v. VA, 257 F. Supp. 2d 988, 999-1001 (S.D. Ohio 2003) (granting summary judgment to agency because requested records were maintained by agency's regional offices, not central office where request was erroneously submitted); Maydak, 254 F. Supp. 2d at 44-45 (refusing to find search inadequate because agency has "no statutory obligation to proceed with a search of all of its field offices"); Prescott v. Dep't of Justice, No. 00-0187, slip op. at 7 (D.D.C. Aug. 10, 2001) (finding search of FBI Headquarters reasonable, based on Department of Justice regulations requiring requesters to direct their requests to individual FBI field offices in the first instance); Domingues v. FBI, No. 98-74612, slip op. at 7 (E.D. Mich. June 23, 1999) (magistrate's recommendation) (alternative holding) (suggesting that request to agency headquarters that does not ask for field office search does not "reasonably describe" field office records, so headquarters search is all that is required), adopted (E.D. Mich. July 29, 1999), aff'd, No. 99-1976, 2000 WL 1140594, at *1 (6th Cir. Aug. 7, 2000); AFGE v. United States Dep't of Commerce, 632 F. Supp. 1272, 1278 (D.D.C. 1986) (holding that agency's refusal to perform canvass of 356 bureau offices for multitude of files was justified), aff'd, 907 F.2d 203 (D.C. Cir. 1990). But see Krikorian v. United States Dep't of State, 984 F.2d 461, 468-69 (D.C. Cir. 1993) (remanding so district court could explain why it was unnecessary for agency to search eleven regional security offices identified in article that formed basis for plaintiff's request); Conteh v. FBI, No. 01-1330, slip op. at 5 (D.D.C. Apr. 1, 2002) (ordering defendant to explain why it failed to advise plaintiff that responsive records were located in two field offices so that plaintiff could submit his requests there); Kitchen v. FBI, No. 93-2382, slip op. at 5 (D.D.C. Mar. 18, 1996) (requiring FBI to justify lack of search of field offices when plaintiff's request to FBI Headquarters specified particular field offices to be searched, even though FBI notified requester of address of those offices and instructed him to request records directly from field offices), dismissed for lack of prosecution (D.D.C. Apr. 16, 1997).

[4] 28 C.F.R. § 16.3(a) states in pertinent part the following:

In most cases, your FOIA request should be sent to a component's central FOIA office. For records held by a field office of the Federal Bureau of Investigations

dissatisfaction with the process or the results is not a basis to deny Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that its motion for summary judgment be granted.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0338

---

(FBI) or the Immigration and Naturalization Service (INS), however, you must write directly to that FBI or INS field office address, which can be found in most telephone books or by calling the component's central FOIA office.

28 C.F. R. § 16.41(a) states in pertinent part the following:

In most cases, a component's central Privacy Act office is the place to send a Privacy Act request. For records held by a field office of the Federal Bureau of Investigation (FBI) or the Immigration and Naturalization Service (INS), however, you must write directly to that FBI or INS field office address, which can be found in most telephone books or by calling the component's central Privacy Act office.