UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JUAN CARLOS GINARTE         )
                            )
         Plaintiff,         )
                            )   Civ. Action No. 06cv1222 (RJL)
         v.                 )
                            )
ROBERT S. MUELLER, III, *et al.*, )
                            )
         Defendant.         )

## MEMORANDUM OPINION
(June 11, 2007)[#8]

Juan Carlos Ginarte has sued Robert Mueller, Director of the Federal Bureau of Investigation ("FBI") and Attorney General Alberto Gonzales pursuant to the Freedom of Information Act ("FOIA") 5 U.S.C. § 552. Currently before the Court is the Government's motion for summary judgment. Upon review of the pleadings and the applicable law, the Government's motion is GRANTED.

## I. BACKGROUND

On February 6, 2006, plaintiff submitted a FOIA request to FBI headquarters ("FBIHQ") requesting all documents containing any reference to him, whether or not they appeared in any file kept with his name. On February 15, 2006, the FBI advised Mr. Ginarte that it had failed to locate any records responsive to his request.

Mr. Ginarte appealed the FBI's response to the Department of Justice's ("DOJ") Office of Information and Policy, but has yet to receive a decision. As a result, in July

2006, plaintiff brought this suit seeking to compel disclosure of the documents requested.

The Government has moved for summary judgment arguing that its search was adequate and, therefore, satisfied the requirements of FOIA. For the following reasons, the Court agrees.

## II. STANDARD OF REVIEW

Under Rule 56, summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and the Court draws all reasonable inferences regarding the assertions made in a light favorable to the non-moving party, *Biodiversity Conservation Alliance v. U.S. Bureau of Land Mgmt.*, 404 F.Supp.2d 212, 216 (D.D.C.2005) (citing *Flynn v. Dick Corp.*, 384 F.Supp.2d 189, 192-93 (D.D.C.2005)).

## III. ANALYSIS

To fulfill its obligations under FOIA, an agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." *Steinberg v. United States Dep't. of Justice,* 23 F.3d 548, 551 (D.C. Cir. 1994)(quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984)). The question is not "whether there might exist any other documents possibly responsive to the request, but

rather whether the search for those documents was adequate." *Id.* To meet this burden, the agency may submit affidavits or declarations that explain the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir.1982). In the absence of "countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id* at 127.

Here, the FBI has offered the declaration of David Hardy, Section Chief of the FBI's Information Dissemination Section, who has averred that the FBI responded to Mr. Ginarte's request by searching for any mention of his name, social security number or date of birth in the automated indices of its Central Record System ("CRS"). Hardy Decl. ¶ 15. According to Mr. Hardy, the CRS is the repository of the "pertinent information that the FBI has acquired in the course of its mandated law enforcement responsibilities" and consists of numerical sequences of files organized by subject matter (i.e. an individual, organization, company, publication, activity or foreign intelligence matter). *Id* at ¶ 9. Files are indexed according to their main subject and cross referenced by other names and organizations that appear in the file. Id at ¶ 10, 12.[1]

Although Mr. Ginarte argues that the FBI's search was inadequate, he has offered no evidence that the records he requested exist nor that the scope or method of the

---

[1] Most files are maintained at FBIHQ; those pertinent to specific field offices are maintained in those offices. Hardy Decl. at 9.

Government's search was such that it was unlikely to succeed.[2] As a result, the Court finds that the defendant's search was adequate. Accordingly, the Government's motion for summary judgment is GRANTED.

_____
RICHARD J. LEON
United States District Judge

---

[2] Although plaintiff argues that the FBI should have searched the files maintained by the FBI's individual field offices, there is no reason to believe that records relating to Mr. Ginarte would be found there.

4