UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**JUAN CARLOS GINARTE**

      Plaintiff,

      v.              Civ. No. 06-1222

**ROBERT S. MUELLER, III**
**Director, Federal Bureau of Investigation, et al.**

      Defendants.
_____/

## PLAINTIFF'S RULE 59(e) MOTION TO AMEND SUMMARY JUDGMENT OPINION AND ORDER

Pursuant to Fed. R. Civ. P. 59(e) and all other applicable provisions of law, Plaintiff respectfully moves the Court to reverse its summary judgment opinion and order against Plaintiff. Plaintiff states the following grounds in support of this Motion:

1. Plaintiff reinstates by reference his Opposition to Defendants' Summary Judgment Motion filed on September 8, 2006.

2. Here, it is necessary that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 n.5 (1986); Fed. R. Civ. P. 56(f).

1

Discovery is permitted in FOIA lawsuits – and Plaintiff's good faith need for discovery is illustrated below – and has been permitted in such suits. *Weisberg v. Dept. of Justice*, 627 F.2d 365, 367 (D.C. Cir. 1980) ("[w]e reversed, however, finding material disputed facts regarding the existence of relevant but unreleased records, and holding that Weisberg was entitled to further discovery").

3.   Plaintiff, in good faith, has raised material disputed facts. *See* Plaintiff's Response To Defendant's "Statement Of Material Facts Not In Dispute" (filed Sept. 22, 2006).

4.   As done in Plaintiff's Opposition to Summary Judgment (SJ Opposition) (filed Sept. 22, 2006), Plaintiff disputes the reliability, accuracy, and credibility of Defendants' affiant David Hardy, who makes sweeping statements about the systems, procedures and policies – and challenges whether he, alone, is a suitable affiant for Defendants' motion – concerning the processing of Plaintiff's FOIA request, without sufficient factual nor documentary substantiation. For instance, Mr. Hardy's Affidavit claims that "[i]n the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only 'main' files responsive to FOIPA requests." Plaintiff wants to discover – through interrogatories, document production requests, and depositions – details of said policy, including

the language and origin thereof, legitimacy thereof (*e.g.*, this should be a CFR provision to be given any force and effect in FOIA litigation – and by not being a CFR provision, discovery is needed to show how uniformly, evenly and fairly such a "policy" is implemented -- but is not a CFR provision, or else Defendants would have cited it as such) and reasons therefor (if it is in writing), the origin and contents of any oral bases for said policy, and the extent to which said policy is uniformly applied.

    5.   Discovery further is needed in that Mr. Hardy's Declaration is additionally suspect for accuracy, credibility and reliability in that his initial response to Plaintiff's FOIA request left the now-false impression that *all* FBI automated indices had been checked in processing Plaintiff's request, and not only headquarters documents, but now, in Mr. Hardy's Declaration, he says the opposite, which is that field office records were not checked in processing Plaintiff's FOIA request. Hardy Dec. at ¶ 18.

    6.   Mr. Hardy's Declaration asserts that FBI field office files were not checked in processing Plaintiff's FOIA request.

    However, this long after Mr. Hardy issued his February 15, 2006, reply to Plaintiff's FOIA request (Defendants' SJ Motion Exhibit C), he should not be heard to inform Plaintiff for the first time that Plaintiff should have checked with FBI field

offices, in that Exhibit C does not in any sufficient way claim that field office records were not checked, and instead indicates the opposite. In fact, Mr. Hardy's February 15, 2006, response claims that the FBI's central records system was checked in responding to the FOIA request, his Declaration asserts that all FBI field office and headquarter information is contained in the CRS – *see, e.g.,* Hardy Declaration at ¶ 10, so Plaintiff, therefore, was not under any reasonable notice that field office information was not checked in processing Plaintiff's FOIA request.

Consequently, Defendants waived any opportunity – if it ever otherwise existed -- to rely in this litigation on CFR provisions for contacting field offices directly with FOIA requests, by indicating in their FOIA reply that *all* CRS information had been checked, without such limitations as only checking headquarters but not the field offices.

7.  The Court's Summary Judgment Opinion is silent about Plaintiff's request to conduct discovery before any summary judgment motions are decided.

8.  The Court's opinion is silent about Plaintiff's well-founded questioning of the reliability and accuracy of the Declaration of David Hardy. Based on the foregoing arguments, the Court asks for the impossible, by directing that Plaintiff provide more information to advance Plaintiff's challenge to the

4

government's statement of material facts, but to not provide even discovery as limited as ten or fifteen interrogatories, ten or fifteen document production requests, and up to one two hours of depositions.

9. The Court's opinion even questions whether a search of field office records will turn up responsive documents, even though it is Defendant FBI's obligation to conduct such a properly-organized and field office search (which the FBI's filing confirm the FBI has not yet) before the search can be found to have been adequate under the FOIA. *Krikorian v. Department of State,* 984 F.2d 461, 468-89 (D.C. Cir. 1993)

Clearly, the FBI's response to Plaintiff's original FOIA request indicated that all FBI records were checked, not just centralized records. However, Defendants' response clearly shows this to be the opposite, that not all FBI records nationwide had been checked. This type of inaccuracy squarely holds government declarant David Hardy's accuracy, reliability and honesty suspect.

WHEREFORE, for the foregoing reasons, summary judgment should be denied, and discovery should be permitted to proceed.

Respectfully submitted,

MARKS & KATZ, L.L.C.


__/s/ Jonathan L. Katz_____

    Jonathan L. Katz
    DC Bar No. 425-615
    1400 Spring St., Suite 410
    Silver Spring, MD 20910
    (301) 495-4300
    Fax: (301) 495-8815
    Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**


I HEREBY CERTIFY that a copy of the foregoing Motion was served by the Court's ECF Electronic Filing System on June 25, 2007, to Karen Melnik, Esquire.


__/s/ Jonathan L. Katz_____

    Jonathan L. Katz