UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN CARLOS GINARTE,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | Civil Action No: 06-1222 (RJL) |
| ) | |
| ROBERT S. MUELLER, III, Director,         ) | |
| Federal Bureau of Investigation, et al.         ) | |
| ) | |
| Defendants.         ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO RECONSIDER**

In this Circuit, there is a well-accepted standard for a Court to reconsider its previous decisions. Plaintiff's motion fails to meet this standard. Thus, this Court should deny plaintiff's motion and affirm its June 11, 2007 Memorandum Opinion and Order.

A motion for reconsideration should be granted ***only*** if the court "finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted). While a Court has broad discretion in ruling on a motion for reconsideration, "the reconsideration and amendment of a previous order is an extraordinary measure." Zhu v. United States, No. 04-1216 (RMC), 2006 WL 13240, *1 (D.D.C. Jan. 3, 2006) (quoting Zyko v. Dep't of Defense, 180 F. Supp. 2d 89, 91 (D.D.C. 2001)); Mobley v. Continental Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005). Moreover, "a motion for reconsideration has a limited purpose. It is not a tool to simply re-litigate issues that the Court has already decided." Zhu, 2006 WL 13240, *1. In other words, the moving party must show

"new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (citation omitted).

Plaintiff's motion not only fails to meet the standard for reconsideration, but also fails to argue a proper basis for reconsideration. Rather, plaintiff seeks discovery regarding the defendants' "systems, procedures and policies" as they are applied to FOIA requests, to discover "how uniformly, evenly and fairly such a 'policy' is implemented . . ." See Plaintiff's Rule 59(e) Motion to Amend Summary Judgment Opinion and Order ("Plaintiff's Motion") at 2, 3. As the Court is well aware, LCvR 16.3(b)(9) exempts FOIA actions "from both initial disclosures under Rule 26(a)(1)(E), F.R.Civ.P., and Rule 26(f) conference, F.R.Civ.P." The comment to LCvR 16.3(b) explains that FOIA is included as an exempted category "because they are actions that typically do not require discovery . . ." See Comment to LCvR 16.3. Here, plaintiff provides nothing to suggest that the four-page explanation provided in the Declaration of David M. Hardy, detailing defendants' procedures for conducting FOIA searches, is applied unevenly or unfairly.

Plaintiff also seeks discovery because he alleges "that Mr. Hardy's Declaration is additionally suspect for accuracy, credibility and reliability in that his initial response to Plaintiff's FOIA request left the now-false impression that *all* FBI automated indices had been checked in processing Plaintiff's request," rather than checking only those files located at FBI Headquarters. See Plaintiff's Motion at 3. However, Exhibit C to Defendants' Motion for Summary Judgment clearly states that "[a] search of the automated indices to our central records system files *at FBI Headquarters* located no records responsive to your FOIA request." See Exhibit C (letter of February 15, 2006) (emphasis added). Moreover, plaintiff, who is represented by counsel, should be on notice of the provisions contained in the Code of Federal

Regulations. Specifically, 28 C.F.R. § 16.3, which provides in pertinent part that "[f]or records held by a field office of the Federal Bureau of Investigation (FBI) . . . you must write directly to the FBI . . . field office address, which can be found in most telephone books or by calling the component's central FOIA office." See 28 C.F.R. § 16.3.

In sum, plaintiff's request for discovery offers no basis in fact or law for this Court to reconsider its June 11, 2007 decision.

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR, D.C. BAR # 698410
                                                United States Attorney

                                                s/
                                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                Assistant United States Attorney

                                                s/
                                                KAREN L. MELNIK, D.C. BAR # 436452
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                Civil Division
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 307-0338