UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
JUAN CARLOS GINARTE            *
                               *
       Plaintiff               *  Civ. No. 1-06-cv-1222
                               *
   v.                          *
                               *
ROBERT MUELLER, et al.         *
                               *
       Defendant.              *
```

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO RECONSIDER

Defendants' Opposition to Plaintiff's Motion to Reconsider ("Opposition") repeatedly intones a baseless mantra that Plaintiff's Motion has not sufficiently presented grounds for reversing the Court's premature and improvidently-reached dismissal of Plaintiff's FOIA Complaint, when Plaintiff indeed has presented compelling grounds for such a reversal. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (1996) (giving trial courts full discretion to reverse summary judgment orders, and mandating correction of erroneous orders).

Plaintiff reincorporates by reference herein his Rule 59(e) Motion to reconsider. As much as FOIA complaints may sometimes seem to be a hydra-headed albatross ripe for abuse (e.g., seeking information without much of a purpose to seek it) and misuse (e.g., seeking information for commercial reasons),

1

Plaintiff's FOIA Complaint stems from the very reason the FOIA was passed so many years ago, which is to have a more transparent government that serves the governed, and to take government away from the many dark days and times that it has operated in the shadows, often with devastatingly harmful consequences. 5 U.S.C. § 552.

The government has no relaxed burden to seek a summary judgment order for a FOIA complaint than for any other civil action. Throughout this summary judgment litigation, the government has invoked a mantra that its declaration attached to its summary judgment motion is entitled to impermeable deference. However, Plaintiff has already shown that facts in genuine material dispute exist as to the summary judgment litigation in this civil action, starting with the very doublespeak of the declaration attached to Defendants' summary judgment motion that calls out for at least limited discovery (e.g., at least several interrogatories and document production requests, and, hopefully, at least one half hour of deposition time, if not more).

To grant Defendants' summary judgment motion when such a genuine dispute of material fact exists simply contravenes the summary judgment rule. To give a halo to the declaration affixed to Defendant's summary judgment motion undermines the very purpose of the FOIA, which is to make the government more

responsive to the governed, and not to give unquestioned deference to government officials.

The underlying FOIA request seeks information about FBI files about Defendant. The FOIA request is directed to a government agency (the FBI) with one of the most shameful and scandalous histories in the nation of spying on its citizens. *See, e.g.,* "Trove of F.B.I. Files on Lawyers Guild Shows Scope of Secret Surveillance," *New York Times* (June 25, 2007) http://www.nytimes.com/2007/06/25/nyregion/25archives.html?ex=1183867200&en=560e777e6df830f4&ei=5070 (last visited July 6, 2007). Defendant doubts that the FBI is being forthcoming on the existence of surveillance files on him. The Court's granting of summary judgment not only is improvident, but is utterly silent about Plaintiff's request for an opportunity to engage in at least limited discovery.

WHEREFORE, Plaintiff respectfully moves to reverse the summary judgment order.

RESPECTFULLY SUBMITTED,

\_\_\_\_/s/ Jonathan L. Katz\_\_\_\_
Jonathan L. Katz
D.C. Bar No. 425615
Marks & Katz, LLC
1400 Spring St., Suite 410
Silver Spring, MD 20910
Ph:    (301) 495-4300
Fax:    (301) 495-8815
jon@markskatz.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the CM/ECF filing system on July 6, 2007, to:

**Karen L. Melnik, Esquire**

                  ___/s/ Jonathan L. Katz_____
                      Jonathan L. Katz